## UNITED STATES v. KEHOE.

### Civil Action No. 1045.

District Court, M. D. Pennsylvania.

March 19, 1945.

See also 50 F.Supp. 432.

Frederick V. Follmer, U. S. Atty., and Arthur A. Maguire, Asst. U. S. Atty., both of Scranton, Pa., for plaintiff.

Leo W. White, of Pittston, Pa., for defendant.

JOHNSON, District Judge.

This is a suit filed by the United States for the collection of taxes assessed by the Commissioner of Internal Revenue. The defendant has filed his answer and the plaintiff has filed a motion for summary judgment.

The plaintiff's motion for summary judgment is supported by an affidavit which does not state, as required by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that it is made on the personal knowledge of the affiant. Plaintiff contends that Rule 56 permits a motion for summary judgment to be made with or without supporting affidavits. The plaintiff, having elected to make various allegations in the supporting affidavit and having elected to attach various exhibits to the supporting affidavit, which it must have considered necessary to support the motion, must be governed now by the Rule or supporting affidavits. The supporting affidavit is not made on personal knowledge as is required by the Rule, and is therefore faulty.

It appears further that a substantial question of fact appears in connection with the application of the bar of the statute of limitations to the facts involved; that the assessment in question was made against three other people in addition to the defendant, and a question of fact arises as to the matter of liability of one or of all the parties named in the assessment; that in the supporting affidavit, above mentioned, reference is made to a prior determination of income tax liability for the year 1925, whereas the same reference reveals that all the parties thereto were not made defendants herein; that the assessment in question, as shown by the exhibits accompanying the above mentioned supporting affidavit contains, after the assessment figures, the addition of the word "Fraud", and that no adjudication of that question, with its attendant penalties additionally assessed, has been made except by the Board of Tax Appeals. The plaintiff contends that the defendant is estopped from having the same issues tried in this court as were tried before the Board of Tax Appeals. It does not appear that the issues tried before the Board of Tax Appeals were identical with those raised in this court, and it does not appear that this is a proper case to dispose of by summary judgment.

Courts should be reluctant to summarily preclude a defendant from a proper determination of the issues where any uncertainty of fact exists.

The motion of the plaintiff for summary judgment is hereby denied.